## W. I. DIFFENDERFFER, Appellant, v. W. D. ROWDEN, Respondent.

### St. Louis Court of Appeals, February 27, 1900.

1. **Assignee**: PROMISSORY NOTE: JURISDICTION OBTAINED BY FRAUD. The evidence showed that plaintiff obtained the note by assignment without consideration from a nonresident mercantile firm, for the purpose of bringing suit in his county, where defendant could be found while attending as a witness in a lawsuit, he being a nonresident: Held, that it was apparent from the foregoing that plaintiff wholly failed to sustain the cause of action alleged in his petition, and that there was no substantial evidence upon which to rest a finding in his favor, and that the trial court did not err in granting a new trial and dismissing the cause.

2. ———: ———: ———: WANT OF JURISDICTION, PLEAD IN ANSWER. Jurisdiction of a party can not be obtained through fraud, and if done so, the facts constituting the fraud may be set forth by answer as a plea to the jurisdiction, and will constitute a good defense.

Appeal from the Laclede Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

AFFIRMED.

*Nixon & Moore* for appellant.

(1) We suppose that it is elementary law that the owner of a note, whether resident or nonrésident, may assign it to a resident or nonresident, as was done in this case. Even an alien might do as much and the assignability of the note in law will not be determined by the fact of the residence or nonresidence of the parties. That Work Brothers, residents of Chicago, had a right to and did assign the note in question to plaintiff, a citizen of Laclede county, there certainly can be no room for question. The utmost defendant can claim is that it was assigned for collection. If so, the plaintiff, as such assignee, was the legal holder of it for the purposes of this suit and could sue in his own name. Cummings v. Kohn, 12 Mo. App. 585; Buddong v. Marlbrough, 17 Mo. App. 579; Saulsburg v. Corwin, 40 Mo. App. 376; Dean v. Chandler, 44 Mo. App. 338; Wolf v. Railroad, 97 Mo. 479. (2) As was said by the court in Christian v. Williams, and barring a certain class of cases (Marsh v. Bast, 41 Mo. 491; Bank v. Knox, 47 Mo. 334) "no case has heretofore occurred in this state questioning the right of a party plaintiff to sue and obtain service as was done in the present instance. This amounts to a contemporaneous and continuous construction of the statute; a settled construction which has been in existence for over fifty years; a construction that should not be lightly set aside."

*C. H. Schubert* for respondent.

(1) The contention of defendant is, that a plea to jurisdiction having been raised by the answer, the court ought to

have settled the question of jurisdiction before permitting a trial on the merits. It was the duty of the circuit court, at any time, to stop the trial and dismiss the case, when it was shown that the court was not lawfully invested with jurisdiction. This the defendant urged on the court at every step, notably by demurrer to plaintiff's evidence, and by asking instruction at close of the whole case, in the nature of a demurrer to the evidence. The court, however, refused these demurrers, and forced the defendant, against his protest, to submit the question of jurisdiction to the jury; and this action of the court formed part of the grounds of respondent's motion for a new trial. Upon consideration of which the court, having now become satisfied that it was error to refuse the demurrers, in the exercise of its authority and discretion, corrected its error by setting aside the verdict, granting a new trial, and having abundant authority to do so, under the evidence, dismissed the case for want of jurisdiction, as he might and ought to have done earlier in the proceedings. This action of the court finds abundant support in Byler v. Jones, 79 Mo. 261, and Capital City Bank v. Knox, 47 Mo. 333; but these cases do not stand alone. (2) The statute (sec. 2009, R. S. 1889), declares that suit shall be brought in the county in which the defendant resides, or in which the plaintiff resides, and the defendant may be found, and section 1990 provides that the proper plaintiff in all cases is the real party in interest. Exception is made in favor of a trustee of an express trust, defining, at the same time, a trustee of an express trust. (3) Having sued as owner, for value received, it seems to me that it was the duty of the circuit court, and is the duty of this court, to require plaintiff to stand upon the cause of action stated in his petition. Sumner v. Rogers, 90 Mo. 324; Bremen Bank v. Umrath, 42 Mo. App. 525.

BOND, J.—Plaintiff alleges that he is the assignee, for value received, of a note for $1,000, made by defendants, and

prays judgment for the balance due. The answer of defendants sets up that the real owner of the note is a nonresident mercantile firm, and that plaintiff has no interest therein, "and that this suit was brought and commenced in this county in the name of plaintiff for the sole object and purpose of securing service and summons herein in this county upon defendants while they were to be temporarily found in said county of Laclede, and thereby impose on the court a pretended jurisdiction that it could not have assumed in the name of the true holders of the note," for the reason that defendants were residents of the county of Pulaski, state of Missouri.

The reply was a general denial. There was cogent evidence tending to support the defense set up in the answer. Among other things, the court instructed the jury as follows: "The court instructs the jury that if they find from the evidence that the plaintiff, at the time of the beginning of this suit, was a resident of Laclede county, and defendants were residents of Pulaski county, and that the note in suit was assigned and transferred and delivered to the plaintiff for the purpose of obtaining service on defendants, or either of them, in Laclede county, then, as a matter of law, such transfer was fraudulent in law, and therefore null and void; and you will find the issues for the defendant."

The jury, however, returned a verdict for plaintiff for $500. A motion for new trial was sustained and the verdict set aside, for the reason that the trial judge deemed the verdict contrary to the evidence, which he was of opinion conclusively established the defense set up in the answer, and being further of opinion that he had erred in not sustaining a demurrer to the evidence, he dismissed the suit. Appellants appealed to this court.

In support of their defense the defendants introduced the plaintiff on the record as a witness for them, who admitted that he had no interest whatever in the note in suit; that it

was handed to him by his attorney, who promised to get him a subsequent assignment of the note; that he returned the note to the attorney, with instructions to bring suit thereon in his name; that the formal assignment of the note which was shown to him was made by a nonresident mercantile firm; that he gave nothing for this assignment, and did not receive it at the time the note was given him, nor does he show that it was in his possession on the day of the trial. The evidence was uncontradicted that the defendants in the suit both lived and resided in Pulaski county, Missouri; and that service on the maker was had while he was in Laclede county attending as a witness in a litigation pending there. It is apparent from the foregoing that plaintiff wholly failed to sustain the cause of action alleged in his petition, and that there was no substantial evidence upon which to rest a finding in his favor in this case. We conclude, therefore, that the court did not err in granting a new trial and dismissing the suit for the reasons given when the motion was sustained. The judgment herein is affirmed. All concur, Judge *Biggs* in the result.